United States District Court
Southern District of Texas
**ENTERED**
December 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANDREW CHARLES JACKSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00126 |
| | § | |
| WARDEN COX, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate currently incarcerated at FCI Three Rivers in Three Rivers, Texas. Petitioner filed this petition pursuant to 28 U.S.C. § 2241 on June 9, 2022 challenging a disciplinary conviction for indecent exposure and refusing to obey an order. (D.E. 1). Respondent has filed a Motion for Summary Judgment asserting Petitioner fails to state a cognizable claim for federal habeas corpus relief because he did not lose any good time credit. (D.E. 14).[1] Petitioner has failed to file a response and, in accordance with the Local Rules, the failure to file a response is taken as a representation of no opposition to Respondent's Motion. However, the undersigned has considered the merits and for the reasons stated below, it is recommended the Court **GRANT** Respondent's Motion for Summary Judgment and **DISMISS** Petitioner's claim for habeas corpus relief.

---

[1] Respondent further argues Petitioner failed to properly exhaust his administrative remedies. However, the undersigned has not considered this argument as it is clear the punishment in this case does not implicate the Due Process Clause and therefore, dismissal is appropriate. (D.E. 14).

**I.    JURISDICTION**

Section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Three Rivers, Texas and therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6); *see McClure v. Hopper*, 577 F.2d. 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief, regardless of petitioner's transfer or custodial change) (citations omitted). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

**II.    DISCUSSION**

Petitioner is serving a life sentence for engaging in a continuing criminal enterprise, killing in furtherance of a continuing criminal enterprise, carrying a firearm during a drug trafficking crime and four counts of distribution of crack cocaine. (D.E. 14, Page 2 and D.E. 14-3). On December 26, 2021, Petitioner was charged by prison officials for indecent exposure and for failing to obey an order. (D.E. 14-1). Petitioner's December 29, 2021 disciplinary conviction (Incident Number 3580970) resulted in a loss of 30 days of commissary and phone privileges. (D.E. 14-1, Page 3).

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 F. App'x 458 (5th Cir. 2013). However, the Due Process Clause does not protect every adverse change in the

condition of confinement. *Sandin v. Conner*, 515 U.S. 472, 478 (1995) (citations omitted). Mere changes in the condition of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (A 30-day commissary and cell restriction punishment does not warrant habeas relief).  As such, phone privileges, recreation limitations, adjustments to a prisoner's classification and commissary restrictions are not protected by the Due Process Clause.  *Id.*; *Sandin*, 515 U.S. at 486; *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000) ("Clearly, Malchi's thirty-day loss of commissary privileges and cell restrictions do not implicate due process concerns."); *Jacques v. Bureau of Prisons*, 632 F. App'x 225 (5th Cir. 2016) ("Nor do the temporary loss of commissary and visitation privileges support a due process claim" for relief pursuant to § 2241) (citations omitted).

Here, Petitioner's commissary and phone sanctions are changes in the condition of Petitioner's confinement which is outside the scope of 28 U.S.C. § 2241 because it is not related to the duration of his sentence. *Akbar v. Wilson*, No. 4:18-cv-139-Y, 2018 WL 5084914, *2 (N.D. Tex. Oct. 18, 2018) (Federal prisoner not entitled to relief pursuant to § 2241 when challenging a disciplinary conviction resulting in disciplinary segregation and commissary restrictions).

## III. RECOMMENDATION

Based on the foregoing, it is recommended that the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 14) and **DISMISS** Petitioner's claim for habeas corpus relief.

ORDERED on December 6, 2022.

                                                             Jason B. Libby
                                       United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).